## No. 9796.

## BARRETT v. THE BOOK CLIFF RAILROAD COMPANY.

Decided October 3, 1921.   Rehearing denied December 5, 1921.

Action on contract for sale of coal.   Directed verdict for defendant.

### *Reversed.*

1. CONTRACT—*By Correspondence.*   A contract may result from a series of letters.   It is not important that all the terms of the agreement be set out in one instrument.   If from the correspondence, the intent of the parties to contract may be clearly inferred, it is sufficient.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. ARCHIBALD A. LEE, Mr. WM. H. LOUGHRIDGE, for plaintiff in error.

Messrs. PERSHING, NYE, FRY & TALLMADGE, for defendant in error.

*Department Two.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error brought an action against the defendant in error to recover damages for an alleged breach of a contract for the sale of coal.   The complaint set up a contract resulting from correspondence between the parties, and failure of the defendant to fill plaintiff's orders made under it.   The answer denied that there was a contract.

The trial court held that the evidence did not establish a contract, and directed a verdict for the defendant.

We find from the record that the plaintiff in the action, under date of May 11, 1917, wrote to the defendant asking for a price on coal, and as to the number of cars that the

defendant could ship.   On May 22nd the defendant wrote to the plaintiff the following letter.

"Gentlemen:

Referring to your letter of May 11th to which I replied on May 16th, I now feel that I am in position to offer to ship you about 250 tons of coal per week at a price of $2.60 for nut and $2.85 for lump f. o. b. Grand Junction, beginning next week.   This price is subject to change without notice.

If you are interested, let me hear from you.

Yours truly,

D. B. WRIGHT,

General Manager."

Under date of the 26th the plaintiff wrote in reply as follows:

"Dear Sir:

Yours of the 22nd inst. received and contents noted. Referring to the statement, that price is subject to change without notice, under the circumstances my customers demanded some assurance as to the length of time price quoted them would hold good, together with the probable tonnage they might expect.   This required prompt action on my part, as it would delay matters using the mail, and wiring would be unsatisfactory.   I trust you will appreciate my action in taking this matter up with your Mr. Fry, my sole idea being to expedite matters and arrive at a mutually beneficial arrangement.

Upon Mr. Fry's assurance to me that it was his understanding that the prices you quote would be in effect until September 1st, 1917, also his statement that he would write you on this matter and clear up a slight misunderstanding. After having had this understanding with Mr. Fry, I wired my customers.

I am this day in receipt of a telegram asking that one sample car of lump coal be shipped immediately.   As previously stated, this being a sample car, on its preparation, its freedom from foreign matter, impurities, and a minimum quantity of car bottoms, will depend the future vol-

ume of business that can be secured and held in southern California.

Please enter order, and ship one thirty-five ton or more (box car) lump coal to the order of C. W. Barrett, Los Angeles, Calif., via D. & R. G. car of the S. P., Ogden.

I trust you will give this your personal attention, thereby assuring perfect preparation and prompt shipment.

My plans now are to leave this coming week for San Francisco and Los Angeles, and if I do, will arrange to stop over in Grand Junction between trains and meet you and go out to the mine and see your coal. I will write you a day or two before I leave.

Will you kindly confirm Mr. Fry's statement that these prices quoted by you will be in effect until September 1st, 1917, thus keeping my records clear?

C. W. BARRETT."

Three days later the defendant's manager acknowledged receipt of the letter of May 26th, and asked for instructions as to the shipment and billing of the coal. On May 31st the plaintiff wrote the following letter:

"Denver, Colo., May 31, 1917.

D. B. Wright, General Manager,

The Book Cliff R. R. Co.,

Grand Junction, Colo.

Dear Sir:

Your favor of the 29th inst. received. Referring to your letter of May 22nd, I will take the 250 tons of lump and nut coal per week until September 1st, 1917, at price agreed upon.

The amount of coal I would be able to handle between now and September 1st depends upon the quality and preparation. I can assure you I will be able to sell all you can produce. To establish a market for a new coal requires a product free from slate, foreign matter and minimum quantity of car bottom.

I explained to Mr. Fry that all settlements would be made thirty days from date of shipment but the pros-

pects were that payments would be made sooner than that.  *  *  *

I wish you would kindly change routing on car to be shipped to myself at Los Angeles, D. & R. G. S. P. Ogden to D. & R. G. S. P. L. A. & S. L. at Salt Lake.

Unless I wire you to the contrary I will see you in Grand Junction on Saturday afternoon.

Yours very truly,<br>C. W. BARRETT."

Soon thereafter, the defendant company shipped to the order of the plaintiff three carloads of coal, and was paid therefor.  On failure of the company to fill further orders, the plaintiff made complaint, in answer to which the company made various excuses for the delay in delivery, but never denied the obligation to fill the orders.

We think the plaintiff in error is right in his contention that the defendant has thus given to the negotiations a contemporaneous construction which amounts to a recognition of the contract.

Objection is made that there is no single instrument in writing constituting a contract; but it is well settled that a contract may result from a series of letters determining the various matters, step by step.  It is not important that all the terms of the agreement be set out in one instrument. If from the corespondence, the intent of the parties to contract may be clearly inferred, it is sufficient.  We are of the opinion that the minds of the parties met, and that there was a contract for the delivery of coal.

The trial court erred in directing a verdict for defendant, and the judgment is accordingly reversed.

MR. JUSTICE BAILEY sitting for MR. JUSTICE DENISON, and MR. JUSTICE WHITFORD concur.